UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 25-253

**Caption [use short title]**

**Motion for:** Supplementing the Record

Tatari v. Durust

Set forth below precise, complete statement of relief sought:

Appellee is moving to supplement the record to include Turkish Court Order that was issued after the District Court's decision.

**MOVING PARTY:** Zuhtu Onur Tatari
**OPPOSING PARTY:** Neva Durust

☐ Plaintiff ☐ Defendant
☐ Appellant/Petitioner ☒ Appellee/Respondent

**MOVING ATTORNEY:** Richard Min
**OPPOSING ATTORNEY:** Brett Ward

[name of attorney, with firm, address, phone number and e-mail]

Green Kaminer Min & Rockmore LLP
420 Lexington Ave, Ste. 2821, New York, NY 10170
(212) 257-1944; rmin@gkmrlaw.com

Blank Rome LLP
1271 Avenue of the Americas, New York, NY 10020
(212) 885-5434; bward@blankrome.com

**Court- Judge/ Agency appealed from:** Eastern District - Judge Carol Bagley Amon

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed ☒ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☒ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency: _____

Is the oral argument on motion requested? ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☒ No If yes, enter date: _____

**Signature of Moving Attorney:**
Michael Banuchis (Digitally signed by Michael Banuchis Date: 2025.02.21 14:43:43 -05'00')
**Date:** 2/21/25
**Service:** ☒ Electronic ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

Case No. 25-253

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

ZUHTU ONUR TATARI,

*Petitioner-Appellee*

v.

NEVA DURUST,

*Respondent-Appellant.*

---

On Appeal from the United States District Court,

Eastern District of New York

Case No. 1:24-cv-06930; Judge Carol Bagley Amon, Presiding

---

**PETITIONER-APPELLEE'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL**

    Richard Min
    Michael Banuchis
    Green Kaminer Min & Rockmore LLP
    420 Lexington Avenue, Suite 2821
    New York, New York 10170
    Telephone: 212-681-6400
    Facsimile: 212-681-6999
    Email: rmin@gkmrlaw.com
    Email: mbanuchis@gkmrlaw.com
    *Attorneys for Appellee*

1

## **I. INTRODUCTION**

The underlying case was brought pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11,670 (the "Hague Convention") and the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001-11 ("ICARA").

The parties, both Turkish citizens, are the divorced parents of the seven-year-old subject child, O.T. The father, Petitioner-Appellee Zuhtu Onur Tatari (the "Father"), brought the case against the mother, Respondent-Appellant Neva Durust (the "Mother") after she relocated O.T. to New York without his knowledge or consent in August 2024.

After trial, the district court granted the Father's petition and ordered that O.T. be returned to Turkey (the "Decision"). *Tatari v. Durust*, No. 24-CV-6930 (CBA) (LKE), 2025 WL 327984 (E.D.N.Y. Jan. 29, 2025). The central issue in this case was whether the parties' Turkish Divorce Decree permitted the Mother to relocate with O.T. to the United States without the Father's consent. The district court, which heard from the parties' experts on Turkish law, concluded that the Mother violated the Father's custody rights under Turkish law by unilaterally relocating O.T.

Parallel to the Hague Convention proceeding, the parties have been litigating custody in Turkey. After the Decision, on February 7, 2025, the Turkish court issued an order forbidding O.T. from leaving Turkey without the Father's permission (the

2

"Travel Ban"). An English translation of the Travel Ban is attached hereto as **Exhibit A**.

The Travel Ban is material and relevant to this appeal.[1] Given the nature of this case and the ongoing Turkish court proceedings, this Court should have the most up to date information when deciding the Mother's appeal. The Father therefore respectfully moves this Court to supplement the record on appeal to include the Travel Ban.

## II. RELEVANT FACTS[2]

The parties were married in 2016, had O.T. in 2018 and divorced in January 2022. *Tatari*, 2025 WL 327984, at *1. They negotiated a custody agreement which was incorporated into a Divorce Decree. *Id*. While the parties disputed the English translation of the Divorce Decree, the district court found that it obligated the Mother "obtain the approval and opinion" of the Father if "she decides to live abroad together with" O.T. *Id* at *2-*3.

In the fall of 2023, the Mother asked the Father to sign a consent form to renew O.T.'s American passport, which he refused to do. *Id*. at *3. In December 2023, the Mother and O.T. travelled to the Ivory Coast, where she was able to obtain an emergency U.S. passport for O.T. without the Father's signature. *Id*.

---

[1] Questions of foreign law in Hague cases is reviewed de novo. *Ozaltin v. Ozaltin*, 708 F.3d 355, 368 (2d Cir. 2013).
[2] The facts are taken from the district court's findings in the Decision.

3

When the Mother and O.T.'s returned to Turkey, the Father filed a petition for custody of O.T. *Id*. at *3. This case is still pending.

On August 20, 2024, the Mother, without telling the Father, flew to America with O.T. *Id*. The next day, she emailed him indicating her intention to remain in America. *Id*. After relocating O.T., she filed an action in Turkish court to change the Father's visitation schedule for O.T. given their move to America, which is also currently pending. *Id*.

The district court ruled that the Divorce Decree conferred a ne exeat right to the Father which was violated when the Mother relocated O.T. without his permission:

> Tatari's right to approve or disapprove decisions about O.T.'s residence, is precisely the type of right the Hague Convention recognizes as custodial. In *Abbott*, the Supreme Court explained that a ne exeat right was a right to "determine" the child's place of residence because the parent can effectively limit the child's country of residence to only the home country. 560 U.S. at 11. The child's home country may have important influences on the child's absorption of culture and traditions as well as his education. *Id*. at 11-12. Therefore, a ne exeat right is the sort of custodial right that allows the parent to effect his influence on the child. When a parent's "consent is legally required before the other parent may move the child to another country," that parent has a custodial right to determine the child's residence recognized by law. *Radu v. Toader*, 463 F. App'x 29, 30 (2d Cir. 2012).

*Id*. at *8.

After the district court ordered that O.T. be returned to Turkey, the Turkish court overseeing the parties' custody dispute issued the Travel Ban. *See* **Exhibit A**.

4

## III. ARGUMENT

**A. The Court Should Supplement the Record**

Here, the Appellee moves this Court to supplement the record on the grounds that the Turkish court issued the Travel Ban shortly after the Decision and the order is material to the appeal. There is a pending motion made by Appellant to stay the Decision pending appeal. In her supporting papers, she argues that an interim order issued by the Turkish court in July 2024 (referenced as the July Order in the Decision) which refused to restrict her travel abroad with O.T. proved that the Father did not have custodial rights. *See* Dkt. No. 17.1 at 12 ("The July Order is dispositive as it reflects the Turkish Court's finding as to Appellant's sole custody status and ability to relocate abroad just weeks before Appellant's move to America.").

This carries forward the argument Appellant made before the district court. Appellant argued at trial that she had "the authority to move abroad without [Appellee's] consent under Turkish law" because of a Turkish court order issued in July 2024 ("July 2024 Order") which denied Appellant's request to prevent the minor child from going abroad without [Appellee] and the Court's consent. Tatari, 2025 WL 327984 at *7.

While it is not Appellee's position that temporary Orders issued by the Turkish court are dispositive on issues raised by the underlying Hague petition, consideration

5

of the Travel Ban applies directly to Appellant's claims on appeal, particularly those based upon the July 2024 Order.

### B. The Court May Supplement the Record Pursuant to the Court's Inherent Equitable Powers

The Court may supplement the record based on its inherent equitable powers to supplement the record and for extraordinary circumstances. *Knopf v. Esposito*, 803 F. App'x 448, 457 (2d Cir. 2020). Hague Convention cases involve the well being of a child and material developments after a trial court enters a decision should be considered in order to ensure the correct outcome is reached. A material development which directly relates to Appellant's argument on appeal occurred. It would not serve the interest of justice to summarily disregard the Travel Ban because it post dates the Decision.

Further, Appellant is on notice of the Travel Ban as she is actively litigating custody in Turkey. This Court should not be placed at an information disadvantage when the parties are both aware of ongoing material developments applicable to this case.

### IV. CONCLUSION

WHEREFORE Appellee Zuhtu Onur Tatari prays the Court to supplement the record to include the Travel Ban, to permit the filing of this document; and to grant any further relief this Court deems just and equitable.

Respectfully submitted,

/s/ Richard Min
Richard Min
Michael Banuchis
GREEN KAMINER
MIN & ROCKMORE, LLP
420 Lexington Avenue, Suite 2834
New York, NY 10170
(212) 681-6400
*Counsel for Petitioner-Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 18, 2025, a copy of the foregoing paper was filed electronically through the appellate CM/ECF system with the Clerk of the Court. I further certify that all parties required to be served have been served.

Dated:      February 21, 2025

                                           /s/ Richard Min_____
                                           Richard Min
                                             *Counsel for Petitioner-Appellee*

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORDCOUNT LIMITATIONS

I hereby certify, pursuant to Federal Rules of Appellate Procedure 27(d)(2)(A), 32(a)(5), and 32(a)(6) that the attached Opposition to the Motion for a Stay is proportionately spaced, has a typeface of 14 points or more, and contains 1179 words.

Dated:      February 21, 2025
                 New York, New York

                                         \_s/ Richard Min_____
                                         Richard Min
                                         *Counsel for Petitioner-Appellee*

# EXHIBIT A

Case: 25-253, 02/21/2025, DktEntry: 37.1, Page 10 of 13

## APOSTILLE
( Convention de La Haye du 5 Octobre 1961 )

1. Ülke/Country/Pays/Staat  TÜRKİYE - LA TURQUIE

   İşbu resmi belge/This public document/Le présent acte public/Dieses zeugnis wurde

2. Şafak KUTAY tarafından imzalanmıştır./Has been signed by/a été signé par/durch ... unterschrieben

3. İmzalayanın sıfatı Başkatibe'dır./Acting in the capacity of/Agissant en qualité de/Titel des Unterzeichneten

4. Üsküdar 5.Noterliği 'nin mühür/damgasını taşımaktadır-bears the seal/stamp of-/est revêtu du sceau/timbre de-trägt Siegel/Stempel von

### TASDİK / CERTIFIED / ATTESTE / BEGLAUBIGUNG:

5. Üsküdar Kaymakamlığı' da/at/à/in

6. 11.02.2025 günü/the/le/Am

7. Şef Fatma BOZTAŞ tarafından/by/par/durch den/die

8. No : 68420 ile tasdik edilmiştir./No:/sous No:/unter Nr.

9. Mühür - Damga/Seal-stamp/Sceau-timbre/Siegel-Stempel

10. İmza/Signature/Signature/Unterschrift:

# REPUBLIC OF TÜRKIYE
## ISTANBUL 2ND FAMILY COURT



No.: 2024/53 Esas

07.02.2025

### ISTANBUL PROVINCIAL DIRECTORATE OF SECURITY
Anti-Migrant Smuggling and Border Gates Department

We hereby inform you that, due to the Custody Case (Modification of Custody – Art. 183, 349 of the Turkish Civil Code) currently pending before our Court between the Plaintiff, ZÜHTÜ ONUR TATARİ, and the Defendant, NEVA DÜRÜST,

it has been ordered as a precautionary measure that the parties' minor child, Osman Tatari (born on 25/06/2018, Turkish ID No: 22262125710), shall not be permitted to travel abroad without the consent of his father, ZÜHTÜ ONUR TATARİ (Turkish ID No: 38404656882) pursuant to Interim Decision No. 3 issued by our Court in the hearing dated 07/02/2025, and we request that, in accordance with this decision, the necessary procedures be implemented without delay, and that our Court be informed **at the earliest possible time**.

Court Clerk
156849
(e-signed)

Judge 37078
(e-signed)

**ANNEX:** The Copies of the Passports of the Minor, Osman Tatari (born on 25/06/2018, Turkish ID No: 22262125710).

\* This document has been electronically signed pursuant to Law No. 5070 and submitted via DYS (Document Management System); therefore, no physical copies shall be dispatched.\*

11 ŞUBAT 2025

**T.C.**
**İSTANBUL**
**2. AİLE MAHKEMESİ**

Sayı : 2024/53 Esas          07.02.2025

İSTANBUL İL EMNİYET MÜDÜRLÜĞÜ
Göçmen Kaçakçılığıyla Mücadele ve Hudut Kapıları Şube Müdürlüğü'ne **- 6503**

    Davacı , ZÜHTÜ ONUR TATARİ ile Davalı , NEVA DÜRÜST arasında mahkememizde görülmekte olan Velayet (Velayetin Değiştirilmesi (TMK M.183,349)) davası nedeniyle;

    Mahkememizin 07/02/2025 tarihli duruşmasının 3 no'lu ara kararı gereği tarafların müşterek çocuğu 25/06/2018 doğumlu Osman Tatari (T.C.No: 22262125710) 'nin babası 38404656882 T.C.Kimlik numaralı ZÜHTÜ ONUR TATARİ'nin muvafakati alınmaksızın yurt dışına çıkışlarının tedbiren önlenmesine karar verilmiş olup, karar gereği işlem yapılarak mahkememize **EN KISA SÜREDE** bilgi verilmesi rica olunur.

    Katip 156849                                                                                         Hakim 37078
    **( e-imzalıdır )**                                                                                      **( e-imzalıdır )**

**EKİ. Küçük 25/06/2018 doğumlu Osman Tatari (T.C.No: 22262125710) 'nin PASAPORT ÖRNEKLERİ**

\* Bu evrak 5070 sayılı yasaya göre e-imzayla imzalanarak DYS üzerinden gönderilmiş olup; ayrıca fiziki evrak gönderilmeyecektir. \*

11 ŞUBAT 2025



UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden miaH7uT - 29dUb7I - Iprlp3H - tRmGVc= ile erişebilirsin