# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 25-253

**Caption [use short title]**

**Motion for:** issuance of mandate forthwith

**Set forth below precise, complete statement of relief sought:**

Petitioner-Appellee respectfully requests that this Court issue the mandate on an expedited basis to ensure the return of the Child to his habitual residence, Turkey.

**TATARI V. DURUST**

**MOVING PARTY:** Zuhtu Onur Tatari   **OPPOSING PARTY:** Neva Durust

☐ Plaintiff   ☐ Defendant
☐ Appellant/Petitioner   ■ Appellee/Respondent

**MOVING ATTORNEY:** Richard Min   **OPPOSING ATTORNEY:** Paul Tzur

[name of attorney, with firm, address, phone number and e-mail]

Green Kaminer Min & Rockmore, LLP    Blank Rome LLP
420 Lexington Avenue, Suite 2821    1271 Avenue of the Americas
212-257-1944    New York, NY 10020; 212-885-5345

**Court- Judge/ Agency appealed from:** EDNY Judge Amon

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
■ Yes ☐ No (explain): _____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?    ☐ Yes ☐ No
Has this relief been previously sought in this court?    ☐ Yes ☐ No

Requested return date and explanation of emergency: _____

Opposing counsel's position on motion:
☐ Unopposed ■ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ■ Don't Know

Is the oral argument on motion requested?   ☐ Yes ■ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?   ■ Yes ☐ No If yes, enter date: Argument held on 3/18/25; summary decision issued 3/28/25

**Signature of Moving Attorney:**
*Richard Min*   **Date:** 04/02/2025   **Service:** ■ Electronic ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

Case No. 25-253

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

ZUHTU ONUR TATARI,

*Petitioner-Appellee*

v.

NEVA DURUST,

*Respondent-Appellant*.

---

On Appeal from the United States District Court,

Eastern District of New York

Case No. 1:24-cv-06930; Judge Carol Bagley Amon, Presiding

---

### PETITIONER – APPELLEE'S MOTION FOR ISSUANCE OF MANDATE FORTHWITH

 

Richard Min
Michael Banuchis
Green Kaminer Min & Rockmore LLP
420 Lexington Avenue, Suite 2821
New York, New York 10170
Telephone: 212-681-6400
Facsimile: 212-681-6999
Email: rmin@gkmrlaw.com
Email: mbanuchis@gkmrlaw.com
*Attorneys for Appellee*

1

Petitioner-Appellee, Onur Tatari, moves this Court to issue a mandate forthwith pursuant to FRAP 41(b).

By summary order, dated March 28, 2024 (Dkt. No. 64.1), this Court affirmed the judgment of the United States District Court for the Eastern District of New York (Amon, J.) entered on February 3, 2025 granting Petitioner-Appellee's Petition for the return of the parties' son (the "Child") to his habitual residence in Turkey pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention"), Oct. 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 89, implemented in the United States by the International Child Abduction Remedies Act, 22 U.S.C. § 9001 et seq.

The District Court determined that Respondent-Appellant Neva Durust wrongfully removed the Child from his habitual residence in Turkey to New York in August 2024.

The Hague Convention requires the 'prompt' return of the child to his country of habitual residence. *See* Hague Convention, preamble. Signatory countries including the United States are committed to "use the most expeditious procedures available" to implement the objects of the Convention. Hague Convention, art. 2. The Hague Convention includes the stated goal of completing the adjudicative process within six weeks of its initiation. Hague Convention, art. 11.

In *Chafin v. Chafin*, 133 S. Ct. 1017, 1027 (2013), the Supreme Court determined that the return of a child to his or her country of habitual residence does not moot an appeal on the order of return which brought it about. The Supreme Court noted that if stays are granted routinely "a child would lose precious months when she could have been readjusting to life in her country of habitual residence, even though the appeal had little chance of success." The Supreme Court also noted that such a policy would be contrary to the Convention's goal of promptly deciding Hague cases, and would incentivize people to file baseless appeals for the purpose of delaying a child's return to his country of habitual residence.

Indeed, recognizing that a delay in issuance of a mandate is also detrimental to the Hague Convention's goals, and inappropriately delays the return of a child to his country of habitual residence, circuit courts have regularly ordered that the mandate issue immediately. *See*, e.g., *Friedrich v. Friedrich*, 78 F.3d 1060, 1070 (6th Cir. 1996) ("The district court's order that T. be immediately returned to Germany is AFFIRMED, and the district court's stay of that order pending appeal is VACATED. Because T.'s return to Germany is already long-overdue, we order, pursuant to Fed.R.App.P. 41(a), that our mandate issue forthwith."); *March v. Levine*. 249 F.3d 462,475 (6th Cir. 2001) ("The district court's order that the children be immediately returned to their father in Mexico is AFFIRMED, and our prior order issuing a stay of the district court's order pending resolution of these appeals is

3

VACATED. Because [S.] and [T.] have been separated from their father for almost one year now, we further order that our mandate issue forthwith pursuant to Fed. R.App. P. 41(a), and that the district court take appropriate action to ensure that the children are reunited with their father with all due speed."); *Cuellar v. Joyce*, 596 F.3d 505, 508 (9th Cir. 2010) (Court of Appeals ordered father to return child to mother on third business day after issuance of the opinion; directed district court to "take all steps necessary to ensure that [the father] complies with this order, including, if necessary, ordering intervention of the United States Marshals Service" and ordered that "[t]he mandate shall issue at once.").

On March 31, 2025, by phone, we notified opposing counsel that we intended to file this instant motion. That same day, Respondent-Appellant filed a Motion for Temporary Stay of Issuance of Mandate (Dkt. No. 66.2) seeking to further delay the return of the child to Turkey and is declining to discuss any logistics concerning the return of the Child back to Turkey because the Mandate has not yet been issued.

Respondent-Appellant is exploiting the administrative delay in issuance of the mandate to delay the return of the Child to his home in Turkey. The Child's school in Turkey is already prepared for his continued enrollment at any given time. His tuition, school food services, and bus rides have all been pre-paid. The school's headmasters are fully aware of the situation, and both the school psychologist and his original pedagogue have already been scheduled to support his return. The result

4

of delaying the mandate is harm to the Child as it delays his readjustment to his home and reunion with his family in Turkey.

Appellant wrongfully removed the Child to New York in August 2024 and this Hague Convention proceeding was commenced on October 1, 2024. Appellant has kept the Child from his habitual residence for seven (7) months, frustrating the Convention's stated goal of ending wrongful retentions by promptly returning children to their country of habitual residence.

The parties are next scheduled to appear in Turkish court for continued custody litigation in April 2024. In Respondent-Appellant's March 31, 2025 motion to delay the mandate, she claims that a final custody determination is expected to be issued by the Turkish Family Court in April 2025 at this hearing. That, however, is not accurate as explained by Appellee's Turkish counsel in his accompanying declaration in support of this motion (*See* Exhibit A).

As the United States Supreme Court recently stated in *Monasky v. Taglieri*, 140 S. Ct. 719 (2020) "Upon the child's return, the custody adjudication will proceed in that forum. To avoid delaying the custody proceeding, the Convention instructs contracting states to 'use the most expeditious procedures available' to return the child to her habitual residence." *Id.* at 723-24.

Accordingly, it is requested that the Court issue the mandate forthwith.

Dated: April 1, 2025

5

New York, New York

Respectfully submitted,

/s/ Richard Min
Richard Min
Michael Banuchis
GREEN KAMINER
MIN & ROCKMORE, LLP
420 Lexington Avenue, Suite 2834
New York, NY 10170
(212) 681-6400
*Counsel for Petitioner-Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 1, 2025, a copy of the foregoing paper was filed electronically through the appellate CM/ECF system with the Clerk of the Court. I further certify that all parties required to be served have been served.

Dated:   April 1, 2025

/s/ Richard Min_____
Richard Min
*Counsel for Petitioner-Appellee*

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORDCOUNT LIMITATIONS

I hereby certify, pursuant to Federal Rules of Appellate Procedure 27(d)(2)(A), 32(a)(5), and 32(a)(6) that the attached Motion for Issuance of Mandate is proportionately spaced, has a typeface of 14 points or more, and contains 955 words.

Dated:  April 1, 2025
        New York, New York

                                        /s/ Richard Min_____
                                        Richard Min
                                        *Counsel for Petitioner-Appellee*

# EXHIBIT A

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
----------------------------------------------------X

ZUHTU ONUR TATARI,

    *Petitioner-Appellee*            Case No. 25-253

v.

NEVA DURUST,

    *Respondent-Appellant.*

----------------------------------------------------X

## **DECLARATION OF ALTİN MİMİR IN SUPPORT**

    Altin Mimir declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

    1. I am an attorney duly licensed to practice law in Turkey and serve as legal counsel to the Petitioner-Appellee, Zühtü Onur Tatari, in the ongoing custody matter and related legal proceedings in Türkiye.

    2. I submit this declaration in further support of Mr. Tatari's motion to expedite issuance of this Court's mandate.

    3. On March 31, 2025, Respondent-Appellant filed a motion to stay the issuance of the mandate, or alternatively, to stay enforcement of the judgment until June 15, 2025. In her motion, Respondent asserts that a final custody determination is expected to be issued by the Turkish Family Court in April 2025. This representation is inaccurate and misleading.

4. As of March 1, 2025, a new judge has been assigned to the pending custody matter in Turkey. A hearing had originally been scheduled for March 20, 2025; however, due to significant delays and the overwhelming volume of cases in that courtroom, the judge previously assigned to the matter resigned. A new judge has been appointed to the case, but as of today, even the name of the newly assigned judge has not been made public.

5. The newly appointed judge will be required to undergo a full judicial reassignment process, which includes familiarizing themselves with the procedural history, legal filings, and substantial case materials not only in this matter, but across numerous other reassigned cases as well.

6. These procedural delays are known or should be known to the Respondent-Appellant's counsel.

7. Based on my professional experience and direct knowledge of the Turkish family court system and its current caseload, there is no realistic possibility that a final custody determination will be rendered by April 2025.

8. The judicial reassignment has already created delays, and the newly appointed judge will face scheduling conflicts, a new hearing calendar, and the time-consuming process of reviewing complex case files. These factors make an April resolution highly improbable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 1, 2025

_____
Altin Mimir